This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jackie L. Gallogly, appeals from an order of the Court of Common Pleas, Domestic Relations Division, of Lorain County, denying her motion for relief from judgment. This Court reverses.
A decree of divorce was granted to appellant from appellee on January 3, 2000. The judgment entry addressed the property settlement, support, and visitation issues. On March 29, 2001, appellant filed a motion to show cause why appellee should not be held in contempt for the alleged failure to transfer certain items of personal property, in violation of the court's order. On May 17, 2000, appellee filed a counter-motion for appellant's alleged failure to convey several items of personal property to him and for other relief. Following a hearing, the magistrate issued a decision that addressed the disposition of certain items and dismissed pending motions. Additionally, however, the magistrate expressly granted permission to the parties to file supplemental motions as indicated. Appellee was permitted to file pleadings or motions in support of his previously filed motion for relief from judgment. Also, either party was permitted to file "any Ohio Civil Rule 60 motions that they may file pursuant to law," and "[appellant's] claims regarding the personal property per Rule 60." Without objection by either party, the decision was adopted by the trial judge as the order of the trial court.
Thereafter, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B), addressing the personal property issue. The trial judge denied the motion on the basis of collateral estoppel, finding that appellant had already litigated the claim for return of her personal property through her motion to show cause. Appellant appeals from the denial of that motion.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AT LAW BY APPLYING THE DOCTRINE OF RES JUDICATA AND RULING THAT APPELLANT WAS BARRED BY COLLATERAL ESTOPPEL FROM LITIGATING HER CLAIM PURSUANT TO HER 60(B) MOTION TO VACATE.
Appellant contends, through her assignment of error, that the trial court erred in denying her motion for relief from judgment because it was barred by collateral estoppel. Appellant maintains that appellee's failure to convey personal property, in the nature of household goods and furnishings, rendered the original judgment inequitable and, furthermore, that the order of the trial court specifically reserved her right to bring such motion. In response, appellee contends that the motion is a relitigation of the motion to show cause and is, therefore, barred by res judicata and collateral estoppel.
Under Ohio law, the doctrine of res judicata consists of both claim preclusion and issue preclusion. Ft. Frye Teachers Assn., OEA/NEA v. StateEmp. Relations Bd. (1998), 81 Ohio St.3d 392, 395. Pursuant to the latter concept, also known as collateral estoppel, a party will be barred from relitigating a fact or point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction. Id.
It appears from a review of the transcript of the hearing on the motions to show cause that the issue raised by appellant was not passed upon and determined by the trial court. Indeed, it is apparent that the magistrate did not permit the parties to address the items of personal property in question during that hearing. He indicated that the issue was more properly addressed through a motion for relief from judgment. The transcript is replete with references to an anticipated motion pursuant to Civ.R. 60 through which the parties would address the issue. Furthermore, the final order of the court below contains an explicit and unambiguous reservation of appellant's right to file such a motion. The order was initialed by both attorneys and signed by the parties themselves, indicating their agreement and approval. It was then signed by the magistrate and, subsequently, by the trial judge, indicating his adoption of the order.
Upon this record and the facts presented by this case, this Court concludes appellant's motion for relief from judgment is not barred by the doctrine of collateral estoppel. Appellant's assignment of error is well taken. The judgment of the trial court is reversed and the cause is remanded for further proceedings.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, Domestic Relations Division, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCUR.